UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANTONIO IZQUIERDO MENDEZ,<br><br>                              Petitioner,<br><br>v.<br><br>JEREMY CASEY, *et al.*,<br><br>                              Respondents. | Case No.:  26-cv-1731-JO-SBC<br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

For the reasons stated at Dkt. 5, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. Respondents shall RELEASE Petitioner by 5 p.m. on March 31, 2026. Respondents shall file an affidavit attesting to Petitioner's release by 5 p.m. on the following business day.

2. Respondents are ENJOINED from redetaining Petitioner without a pre-deprivation hearing before an immigration judge, at which the government bears the burden of demonstrating, by clear and convincing evidence, that Petitioner poses a danger to the public or a flight risk that warrants his detention. *See Singh*

26-cv-1731-JO-SBC

*v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011). Respondents SHALL NOT deny Petitioner bond on the basis that 8 U.S.C. § 1225(b) requires or authorizes mandatory detention. *See Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *3–*5 (S.D. Cal. Jan. 29, 2026). The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). The bond hearing shall be transcribed.

3. Respondents shall file a declaration attesting to full compliance with these obligations. Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.

4. The Court VACATES the April 2, 2026 hearing.

5. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 30, 2026

_____

Honorable Jinsook Ohta
United States District Judge